H. V. HUFFSTETTER v. MATT STOVER, et al.

Western Section. December 2, 1932.

Petition for Certiorari denied by Supreme Court, May 20, 1933.

Morris & Morris, of Obion, for appellant.
F. J. Smith, of Union City, for appellee.

SENTER, J. On April 12, 1929, complainant, H. V. Huffstetter, duly qualified as the administrator of the estate of Mrs. A. L. Stover, deceased, and on July 29, 1930, filed the original bill in this cause against the defendants, Matt Stover, W. D. Stover and C. L. Coleman, which is a suit on a note in the sum of $600, dated January, 1, 1928, and due November 15, 1928, and signed by the said defendants and payable to Mrs. A. L. Stover. The note provided that it would draw interest from November 15, 1927, and further provided that in the event the note was placed in the hands of a collector for collection that the makers of the note would pay 10 per cent additional on principal and interest, as collector's fees, "which may be included in a judgment." Subpoenas to answer were served on the respective defendants on July 30, 1930, and the defendants were commanded to appear before the Chancery Court on the first Monday in August, 1930, that being a rule day of the Chancery Court of Obion County. Neither of the defendants filed an answer to the bill. An order pro confesso was taken against the defendants at the regular April Term, 1932, and on April 8, 1932, the Chancellor decreed a judgment in favor of complainant

and against the defendants on said note for the amount of the principal, accrued interest, and 10 per cent attorneys fees, amounting to the total sum of $834.02.

It appears that at the April Term of the Court, 1932, the attorney for the defendant appeared before the Chancellor and presented a motion on behalf of defendants that the order pro confesso taken against them be set aside, and that the defendants be permitted to answer the bill. In support of the motion to set aside the pro confesso the attorney for the defendants presented the affidavit of one of the defendants, Matt Stover, which affidavit was also concurred in by C. L. Coleman and W. D. Stover, making it the joint affidavit of the three defendants; and also the affidavit of E. A. Morris, attorney for the defendants, and tendered an answer. After considering the affidavits and the answer, the Chancellor overruled the motion to set aside the order pro confesso against the defendants and decreed a judgment against the defendants on said note, with interest and attorneys fees as above stated. The defendants excepted to the action of the Chancellor in overruling the motion to set aside the order pro confesso and in refusing to permit the defendants to file the tendered answer, and in decreeing a judgment against them on the note sued on, and prayed an appeal to this court. The appeal has been perfected and errors assigned. The first assignment of error is directed to the action of the Chancellor in denying the motion of defendants to set aside the order pro confesso and in not permitting the defendants to file their answer. The second assignment of error states that the Chancellor erred in refusing to permit the filing of the affidavits tendered in support of the motion to set aside the order pro confesso. The third and final assignment complains of the action of the court in decreeing a judgment against the defendants on the note sued on, with accrued interest and attorneys fees.

The matter of denying a motion to set aside an order pro confesso taken in the Chancery Court is in the sound discretion of the Chancellor, and his action on such a motion will not be disturbed except where it appears that there has been an abuse of this discretion.

It appears from this record that service of process was had on the defendants on July 30, 1930. The defendants were directed in the subpoena to answer the bill at the succeeding rule day, which was first Monday in August, 1930. The case was continued several times. The defendants did not answer the bill, nor seek to answer the bill until after the order pro confesso had been taken, which was more than a year after the service of process against them. It was not until the April Term, 1932, that the solicitor for the defendant appeared and made the motion that the order pro con-

fesso previously taken against the defendants be set aside, and that defendants be permitted to file an answer. In support of this motion the joint affidavit of the three defendants was presented to the court. This affidavit was made by Matt Stover, one of the defendants, and the other two defendants added a statement to the effect that they had read the affidavit and that it recited the facts. This affidavit is to the effect that soon after the original bill was filed against the defendants, Matt Stover, one of the defendants, called on Mr. E. A. Morris, of the law firm of Morris & Morris, of Obion, Tennessee, with the view of having him answer the bill for them. Mr. Morris, at that time, according to the affidavit of Matt Stover, stated that he would see Mr. Smith, the solicitor for complainant, and in the subsequent conversation with Mr. Matt Stover, was informed by Mr. E. A. Morris that he had mentioned the preparation and filing of an answer to Mr. F. J. Smith, the solicitor for complainant, and had an understanding with him that he could file an answer later, some time, at or before the beginning of the taking of the proof in the case, and that Mr. Stover relied upon this information as did also his co-defendants. It appears from this affidavit that Mr. Matt Stover did mention the matter to Mr. E. A. Morris on other occasions, and relied on Mr. Morris, as his attorney, to file the answer; that he subsequently learned from an outside source that some action had been taken against the defendants and mentioned this to Mr. Morris, and that Mr. Morris then advised him that he would take the matter up with Mr. Smith or would investigate it, and ascertain what steps, if any, had been taken; that Mr. Morris, after communicating with Mr. Smith, learned that the order pro confesso had been taken against the defendants. Other matters are set out in the affidavit tending to show that the defendants were relying upon Mr. Morris to file an answer for the defendants. Mr. Morris tendered his own affidavit, and in which he simply states that he had read the affidavits of the defendant in support of the motion and that the affidavit set out the facts.

It will be noted that Mr. E. A. Morris does not make an affidavit as to what occurred between Mr. Smith and himself, or of any agreements had with Mr. Smith with reference to an order pro confesso, or that an order pro confesso would not be taken, or any other facts tending to excuse a failure to file an answer for the defendants. This was a suit on a note, and the note was filed as an exhibit to the bill. The answer tendered by the defendants set up that the note had been satisfied in a settlement between Stover and the payee, Mrs. A. L. Stover, and in satisfaction of certain services rendered to her. This defense could have been set up in an answer that could have been promptly filed. If the defenses relied upon in the answer to the note were known to the defend-

ants at the time the bill was filed, there could have been no good reason why there should have been any delay in filing the answer setting up these defenses. Certainly, the solicitor for complainant was very indulgent in not taking the pro confesso earlier than he did. This was a suit by the administrator of an estate on a note coming into his hands as the administrator, and it was his duty to prosecute the suit with diligence. The order pro confesso was not taken for more than a year after the subpoena to answer had been served on the defendants. The Chancellor, in the sound exercise of his judicial discretion, denied the motion to set aside the pro confesso under the facts as disclosed by the record. We do not find that the Chancellor in so acting was guilty of any abuse of discretion vested in him. To the contrary, we are of the opinion that the affidavits tendered with the answer were insufficient to warrant the Chancellor in setting aside the order pro confesso and permitting the filing of an answer.

The second assignment of error charges that it was error for the Chancellor to refuse to permit the filing of the affidavits and the answer tendered in support of the motion. The decree of the Chancellor overruling the motion to set aside the order pro confesso previously taken in the cause against the defendants, specifically recites that, ''after consideration of the record in the case, the bill and exhibits thereto, as well, and especially the affidavits of the defendants and of E. A. Morris, solicitor for the defendants, and the entire record in the cause; and when it appeared to the court that defendants are not entitled to have said pro confesso set aside, . . .'' It would thus appear that the Chancellor did consider the tendered affidavits, and that the same were considered by the Chancellor in disposing of the motion. If these assignments of error are overruled, it follows that the third and final assignment must also be overruled, since the suit was on a note exhibited to the Court, and judgment on the same was decreed by the Chancellor.

The assignments of error are accordingly overruled, and the decree of the Chancellor is affirmed.

The appeal to this court was in forma pauperis, and the cost of the appeal will be paid by appellants.

Heiskell and Owen, JJ., concur.